## SARAH C. PLIMLEY

### *v.*

## GEORGE P. PLIMLEY.

A separation sought by a wife because her husband is intemperate and improvident, is not an obstinate and willful desertion on his part, within the meaning of the divorce act.

Petition for divorce for desertion. On final hearing on pleadings and proofs.

*Mr. Henry Puster*, for petitioner.

*Mr. R. B. Seymour*, for defendant.

THE CHANCELLOR.

This is a suit for divorce from the bond of marriage, on the ground of desertion. The defendant answered, and by his counsel cross-examined the witnesses produced by the petitioner, but did no more in his defence. The proof does not sustain the

Plimley v. Plimley.

charge. It is quite clear, from the petitioner's own testimony, that the separation was, if not of her own seeking, with her consent. She says that two months after her husband left her he came to see her, and asked her if she ever intended to live with him again, and that she answered, stating the conditions on which alone she would consent to do so. They were that he should totally abstain from intoxicating drink for six months, and prove to her that he had done so, and would save money enough to refurnish the house. Her sister says that he came to see his wife on several occasions after the alleged desertion, and that on none of them did his wife ask him to stay, and she adds that she (his wife) was only too glad to get rid of him. He was not intoxicated at all the times when he visited her. When one of their children died he came to the house, and was there for two days, and was sober then, and conducted himself with entire propriety. But it appears that the wife declined to converse with him on that occasion. The circumstances under which he left her are not stated by any witness, nor is there any evidence on that head. The petitioner, indeed, swears that he "deserted" her, but gives no circumstances. That is not sufficient to establish the character of the departure. *Leaning* v. *Leaning, 10 C. E. Gr. 241.* It is charged that he is intemperate and improvident, and he may have been so, and his wife may have refused to live with him for that reason ; but those facts will not of themselves alone make a separation sought by the wife a desertion by the husband within the meaning of the divorce act. *Laing* v. *Laing, 6 C. E. Gr. 248 ; Palmer* v. *Palmer, 7 C. E. Gr. 88 ; Hankinson* v. *Hankinson, 6 Stew. Eq. 66.* There must be an abandonment without the consent and against the will of the abandoned party, and persisted in for the statutory period, or what is equivalent to such abandonment, as in the cases mentioned in *Palmer* v. *Palmer.* The evidence leads to the conclusion that the petitioner refused to live with her husband, and separated herself from him merely because of his alleged intemperance and improvidence. The petition will be dismissed.